[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11105

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CODEY ALLEN BATES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80123-RLR-1

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Codey Allen Bates appeals his sentence of 324 months' imprisonment for production of child pornography. On appeal, Bates argues that the court imposed a substantively unreasonable sentence because it ignored relevant § 3553(a) factors, such as his history and characteristics, including his attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning diagnoses, the kinds of sentences available, and his likelihood to reoffend.

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, procedural reasonableness is not at issue, we will measure substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, "a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks

omitted).  The court "commits a clear error of judgment when it considers the proper factors but balances them unreasonably."  *Id.*

Under § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).  The court, however, need not "discuss or state each factor explicitly" and must only acknowledge that it considered the § 3553(a) factors in its decision. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The failure to discuss mitigating factors cited by the defendant does not indicate that the court "erroneously 'ignored' or failed to consider this evidence."  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

We will not second guess the weight that the district court gave to a § 3553(a) factor so long as the sentence is reasonable in light of all the circumstances.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  The district court is permitted to attach great weight to one § 3553(a) factor over others.  *United States v.*

*Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). After evaluating for reasonableness, we will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 636 (quotation marks omitted). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Furthermore, we "ordinarily expect a sentence within the Guidelines range to be reasonable." *Gonzalez*, 550 F.3d at 1324. A sentence that is below the statutory maximum punishment is an indicator of reasonableness. *United States v. Hunt*, 941 F.3d 1259, 1264 (11th Cir. 2019). The maximum sentence for production of child pornography in violation of 18 U.S.C. § 2251(a) is 360 months. 18 U.S.C. § 2251(e).

Here, the district court did not abuse its discretion in sentencing Bates to 324 months' imprisonment because it properly weighed the § 3553(a) factors. *Overstreet*, 713 F.3d at 636; *Pugh*, 515 F.3d at 1191. Bates's argument that the district court ignored relevant § 3553(a) factors such as his history and characteristics and the kinds of sentences available is unavailing, as the court expressly considered Dr. Brannon's analysis of Bates's condition when it discussed "[his] history and characteristics," and weighed Bates's

requested 180-month sentence against the severity of the crime. *Overstreet*, 713 F.3d at 636. Specifically, the court explained that it did not find Bates's characteristics to be grounds for a downward variance from a child-pornography crime "for all of the reasons that are set forth under the law in the [§] 3553 factors." Even if the court had not addressed the mitigating factors that Bates cited in his argument, the court's silence would not have resulted in his sentence being unreasonable. *Amedeo*, 487 F.3d at 833. Bates's argument that the court was unreasonable in imposing a 324-month sentence when a 180-month sentence would suffice also fails, as the court found that the requested 180-month sentence did not reflect the seriousness of his crime. *Overstreet*, 713 F.3d at 638. Finally, Bates's 324-month sentence was the low end of his guideline range and below the 360-month statutory maximum, both of which are indicative of its reasonableness. *Hunt*, 941 F.3d at 1264; *Gonzalez*, 550 F.3d at 1324.

Accordingly, we affirm the district court's imposition of Bates' sentence.

**AFFIRMED.**